In the case sub judice, the Magistrate found in her conclusion, which was adopted by the trial court, that an agreement which has not resulted from fraud, duress or undue influence is fair and equitable. However, I find that R.C. 3105.10 makes it clear that a separation agreement may be enforceable if the trial court determines "that it would be in the interests of justice and equity to require enforcement of the separation agreement." (Emphasis added.) The plain language of the statute requires the trial court to go beyond an inquiry of whether the separation agreement was entered into voluntarily and knowingly. It requires the trial court to determine if the agreement is in the interest of justice and equity. In other words, determination of whether the agreement is just and equitable is required. Our decision in Russell v. Russell, unreported, Ohio 5th District Court of Appeals, Stark County, 98-CA-0127, June 7, 1999, requires the trial court to examine the terms of the agreement to make sure they are "not so one sided as to be unconscionable." I, therefore, dissent from the majority and would reverse and remand this matter to the trial court to examine the terms of the separation agreement pursuant to the standard set forth in Russell.